Ex parte KOJIRO SUGIMORI.

No. 1443–C.

District Court, S. D. California, N. D.
May 6, 1932.

J. Edward Keating and Theodore E. Bowen, both of Los Angeles, Cal., for petitioner.

Samuel W. McNabb, U. S. Atty., and W. R. Gallagher, Asst. U. S. Atty., both of Los Angeles, Cal., for respondent.

COSGRAVE, District Judge.

Petitioner is an alien, a native of Japan. He entered the United States in 1903 as a member of the crew of a vessel, left the vessel with permission at the port of New York,

and has resided in the United States ever since, engaging in various occupations, principally fishing. On November 5, 1925, desiring to transact some business that required his presence in Mexico, he applied to the Japanese consulate at Los Angeles for a document which is nothing more than a certificate of identification. In it the Japanese Consul at Los Angeles certifies that petitioner presented himself at his office and declared his intention to proceed to Mexico and return to the United States. His photograph is attached. This document apparently is issued for the benefit of Japanese going into Mexico and not in any sense authorized by the United States immigration laws or regulations. It is visaed by the Mexican consul at Los Angeles. The indorsement of A. A. Musgrave, United States immigrant inspector at Tia Juana, shows that on December 22, 1925, petitioner departed to Mexico for a temporary stay, and on the same date, according to the initialed signature of some one in the immigration service, he returned. Under date of January 16 thereafter he again departed for a temporary stay, maybe two months, as certified to by A. A. Musgrave, immigrant inspector at Tia Juana, and on March 3, 1926, there is noted over the initials of Herbert Hadley, United States inspector in charge at Tia Juana, that petitioner "Returned to U. S." As suggested, this certificate does not seem to be authorized or contemplated by the immigration laws of the United States or rules made pursuant thereto, but is evidently used by the Japanese consul with reference to nationals of that country departing for Mexico, and has no force or effect so far as the United States immigration laws are concerned. It is of importance in showing the openness of petitioner's action in going and coming across the border and the knowledge and consent of the United States inspectors. On March 3, 1926, there was issued to petitioner at the port of Tia Juana by Herbert Hadley, inspector in charge, a card entitled "Alien's Identification Card," on form 687 of the United States Department of Labor, Immigration Service. It reads: "This card presented to any immigrant inspector at the port where issued will entitle the person named and described on the reverse side hereof, who resides at 4139 Southwestern Ave., Los Angeles, Calif., to admission to the United States upon proper identification." On the reverse side of the card under "Description" petitioner is described and his photograph and signature are attached. This card was issued pursuant to Immigration Rules of February 1, 1924, Rule 3, subdivision *o*, thereof.

"Aliens and Citizens Habitually Crossing Boundaries—Identification

"Paragraph 1.—With a view to avoid delays and embarrassment in cases of aliens and citizens who, residing upon either side of the line, habitually cross and recross the boundary upon legitimate pursuits, an identification card will be furnished. * * *"

Under the rules now existing, being those of January 1, 1930, the card is provided for in subdivision Q of rule 3. The original rule has been somewhat liberalized, making it expressly applicable to aliens both of immigrant and nonimmigrant classes. Its effect is to insure to aliens of either class undelayed return to the United States when compelled to cross the border for any legitimate temporary purpose.

As shown, petitioner crossed and recrossed the border first on December 22, 1925. He crossed into Mexico again on January 16, 1926, and, having completed his business in Mexico, he was allowed to return on March 3, 1926, by the United States immigration officers. He remained within the United States unmolested until application for warrant for his arrest was made on August 31, 1929. Warrant was issued on October 17th of the same year. James P. Butler, immigrant inspector in charge, recommended that a warrant of deportation be issued.

The method provided in rule 3, subdivision *o*, now rule 3, subdivision Q, of the Immigration Rules, does not contemplate the formal application to the Commissioner General for a re-entry permit pursuant to section 10 of the Immigration Act of 1924 (8 USCA § 210). The border crossings naturally being of frequent necessity, and of a temporary nature, a method is provided, as the rule expressly says, so that the alien's movements for this purpose may be facilitated and the trips made with as little delay and formality as possible.

■ The rules of the Department of Labor, when not in conflict with the immigration laws, determine the status of aliens in the United States. Shizuko Kumanomido v. Nagle (C. C. A.) 40 F.(2d) 42.

Inspectors in charge of districts have the same power as commissioners of immigration. Rule 27, subdivision B, Rules of February 1, 1924.

■ It can hardly be within the contemplation of the immigration laws that an alien, lawfully carrying on business in the United

States, and who is permitted in pursuit of such business, to cross and recross the border upon all necessary occasions, and who has applied to the immigration officers and, as shown in this case, taken more than the required precautions, exhibiting entire openness of his movements, and who has repeatedly crossed the border and been lawfully admitted by the inspector in charge, can, more than three years after he has last recrossed, be pounced upon by the immigration officers and deported, on the theory that his action, thus authorized and even invited by the immigration rules, was an unlawful entry.

Admittedly the three-year limitation under the act of March 3, 1903, § 21 (32 Stat. 1218), and the three and five year limitation provided under section 19 in the Act of February 5, 1917 (8 USCA § 155) had expired before 1924. Petitioner was pursuing his legitimate business of fisherman in the United States, with right to reside therein. Having occasion in the proper pursuit of his business to cross and recross the border, he applied to the immigration officers immediately in charge, and took the necessary steps for this purpose. The rules, adopted pursuant to law (Immigration Act of 1924, § 24 [8 USCA § 222]), covering such cases, were strictly followed. He was on March 3, 1926, by the actions of the immigration officers, who are charged with the enforcement of the rules, allowed to re-enter the United States. It is, I think, plain that the rule referred to was made without reference to the lawfulness or unlawfulness of the alien's original entry into the United States, and I do not think that by crossing the border under such circumstances, and being thereafter regularly readmitted, petitioner's residence in the United States lost its lawful character.

The writ should therefore be granted and the petitioner discharged from the custody of the immigration officers, and it is so ordered.